UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   DAESHAWN MCCRAY,

                                  Plaintiff,                    21 Civ. 9051 (PAE)
                -v-                                                             (GWG)

   WARDEN CARTER, et. al,                               OPINION & ORDER

                              Defendants.
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Currently pending is a motion to dismiss from defendants Warden Carter, Warden Guerra, and Captain Horton for all claims alleged by plaintiff Daeshawn McCray under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. *See* Dkts. 16, 17, 27. McCray alleges that defendants violated his civil rights by depriving him of toiletries, food and water, and access to working restroom facilities. Before the Court is the October 12, 2022 Report and Recommendation of the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, recommending that the Court grant the motion to dismiss in its entirety, for failure to exhaust administrative remedies. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 9, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss all of McCray's claims against defendants Warden Carter, Warden Guerra, and Captain Horton. The Court respectfully directs the Clerk to close the pending motion at Docket 16 and mail a copy of this decision to plaintiff at the address on file.

Based on a review of the docket, the one remaining defendant in the case—Captain John Doe—has not been served. Cognizant of the Second Circuit's "general policy of disapproving sua sponte dismissals of *pro se* prisoner petitioners before service and appearance," the Court here dismisses only the claims as asserted against Warden Carter, Warden Guerra, and Captain Horton. *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (citing *Massop v. Coughlin*, 770 F.2d 299, 301 (2d Cir. 1985)).

It is hereby ORDERED that McCray advise the Court in writing why he failed to serve the Summons and Complaint within the 90-day period on Captain John Doe, or, if McCray believes that Captain John Doe has been served, when and in what manner such service was made. It is further ORDERED that if the Court does not receive any written communication from McCray by **November 3, 2022**, showing good cause why such service was not made within 90 days, the Court will dismiss without prejudice the claims against Captain John Doe and direct the Clerk of Court to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 27, 2022
       New York, New York